# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

WILLYSTINE THOMAS CREGGETT
ADC #703197                                                                                    PLAINTIFF

V.                                       1:06CV00013 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

>    United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite 402
>    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging that nine Defendants have violated her constitutional rights. *See* docket entry #2. For the reasons set forth herein, the Court recommends that: (1) two Defendants be dismissed, without prejudice, because Plaintiff has failed to state viable § 1983 claims against them; and (2) service be ordered as to the remaining seven Defendants.

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure

to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Plaintiff's Allegations

In her Complaint, Plaintiff alleges that Defendants Corporal Leslie Zomant, Sergeant Lonnie Dicus, Assistant Warden Maggie Capel, Major Linda Dixon, Lieutenant Dean, CMS Medical Administrator Bradshaw, and Nurse Matthews have violated her Eighth Amendment right to be free from cruel and unusual punishment by: (1) denying her adequate medical care for her knees and feet; and (2) forcing her to perform a prison job that is beyond her physical capabilities. *See* docket entry #2. Construing Plaintiff's allegations liberally, the Court concludes, <u>for screening purposes only</u>, that Plaintiff has stated cognizable claims for relief, under 42 U.S.C. § 1983, against these seven Defendants.[1] Therefore, the Court recommends that service be ordered upon them.[2]

Plaintiff further alleges that Defendants ADC Director Larry Norris and Warden John Maples have failed to properly respond to her grievances and/or correct the actions of their subordinates, as

---

[1] Defendants are advised that the Court has <u>not</u> screened this action for complete exhaustion. *See Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005) (explaining that: "This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove").

[2] The Court has granted Plaintiff permission to proceed *in forma pauperis* in a contemporaneously entered Order.

explained above. *Id.*

It is well settled that a supervisor may not be held liable, in a § 1983 action, for the constitutional violations of a subordinate on a respondeat superior theory. *Tlamka v. Serrell,* 244 F.3d 628, 635 (8th Cir. 2001); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Rather, supervisors can be held liable only if they directly participate in a constitutional violation or if they fail to properly supervise and train the offending employee. *Mayorga v. State of Missouri*, No. 05-2762, 2006 WL 798002 (8th Cir. Mar. 30, 2006) (slip opinion to be published) (explaining that: "To establish personal liability of the supervisory defendants, [a prisoner] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (explaining that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

The Eighth Circuit has made it clear that a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983.[3] *Bilal v. Lockhart*, 5 F.3d 531 (8th Cir. 1993); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Additionally, the Eighth Circuit has held on several occasions that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff. *See, e.g., Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision that an inmate did not need a continuous positive air pressure machine to treat sleep apnea); *Keeper*, 130 F.3d at 1314 (holding that a prison superintendent could not be held liable for a prison doctors' failure to properly diagnosis symptoms of an impending stroke); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that a prison treatment

---

[3] Similarly, the Eighth Circuit has held that the denial of a prisoner's grievance does not, in and of itself, "state a substantive constitutional claim." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

director and a prison warden could not be held liable for "the medical staff's diagnostic decision not to refer [an inmate] to a doctor for treatment of his shoulder injury").

Accordingly, the Court recommends that Defendants Norris and Maples be dismissed, without prejudice, because Plaintiff has failed to state viable § 1983 claims against them.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants Norris and Bradshaw be DISMISSED, WITHOUT PREJUDICE, because Plaintiff has failed to state viable § 1983 claims against them.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[4] that an *in forma pauperis* appeal from any Order adopting this Partial Recommended Disposition would not be taken in good faith.

3. The Clerk be directed to prepare a summons for Defendants Bradshaw and Matthews, and the United States Marshal be directed to serve the summons, the Complaint (docket entry #2), and this Order upon those two Defendants through the Humphries and Lewis law firm, without prepayment of fees and costs or security therefor.

4. The Clerk be directed to prepare a summons for Defendants Zomant, Dicus, Capel, Dixon, and Dean, and the United States Marshal be directed to serve the summons, the Complaint (docket entry #2), and  this Order upon those five Defendants through the ADC Compliance Division, without prepayment of fees and costs or security therefor.

Dated this 7th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."